**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

OCT 28 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

DRENA N. PUTZ,

        Plaintiff - Appellant,

  v.

FRANK BISIGNANO, Commissioner of
Social Security,

        Defendant - Appellee.

No. 24-5403

D.C. No.
3:23-cv-05877-TLF

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted October 24, 2025[**]
Portland, Oregon

Before: W. FLETCHER, CHRISTEN, and HURWITZ, Circuit Judges.

Plaintiff Drena Putz appeals a district court order affirming the Social

Security Commissioner's denial of her application for benefits. Because the

parties are familiar with the facts, we do not recount them here. We have

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's decision affirming the denial of benefits de novo, and the denial of benefits for substantial evidence or legal error. *Farlow v. Kijakazi*, 53 F.4th 485, 487 (9th Cir. 2022). We affirm.

1. Putz raises numerous challenges to the Administrative Law Judge's (ALJ) evaluation of medical opinions. We conclude that the ALJ's findings are supported by substantial evidence.

a. The ALJ was not required to evaluate Dr. Melanie Orencia's October 2020 statement that "sitting or standing for prolonged periods of time aggravate[s] [Putz's] knee pain" because it is a "judgment[] about the nature and severity of [Putz's] impairments," 20 C.F.R. § 404.1513(a)(3), not a medical opinion about Putz's "impairment-related limitations," 20 C.F.R. § 404.1513(a)(2).

b. The ALJ reasonably found Nurse Marquetta Washington's opinion— which limited Putz to a range of sedentary work—unpersuasive because it was inconsistent with the objective medical evidence. The ALJ supported that finding by citing evidence that Putz "ambulates without difficulty and demonstrated normal strength at 5 of 5, normal reflexes, and intact sensation throughout all extremities," and that Putz's symptoms improved with conservative treatment. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040-41 (9th Cir. 2008) (noting that inconsistency with the medical evidence is a proper reason to reject a medical

opinion).

c. The ALJ reasonably found that Dr. Michael Clark's opinion—that Putz could perform simple and repetitive tasks, but would have difficulty with detailed and complicated tasks—was inconsistent with the objective medical evidence because Putz had not received mental health treatment during the years leading up to Dr. Clark's evaluation and showed improvement with medication.

d. Putz fails to identify any instance of the ALJ considering Dr. Robert Veith's opinion in connection with conditions that are not foot-related, and the ALJ was not required to incorporate Dr. Veith's non-imperative recommendation that it would be preferable if Putz worked in a job where she could avoid prolonged standing and walking. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 691-92 (9th Cir. 2009) (holding that an ALJ does not err by failing to incorporate a doctor's "recommended way" to "cope with" symptoms).

e. The ALJ permissibly found Dr. Lezlie Pickett's opinion persuasive. Putz provided no evidence of false statements by Dr. Pickett or that otherwise suggests Dr. Pickett's opinions are unreliable.

f. The ALJ reasonably found that Dr. Robert Stuart and Dr. Tom Dees—who concluded that Putz could perform a reduced range of light work—offered opinions supported by and consistent with the record. Putz insists that, contrary to Dr. Stuart's and Dr. Dees's opinions, she had medical documentation of

3                                                                    24-5403

fibromyalgia. But Dr. Suliman Alradawi did not diagnose Putz with fibromyalgia and instead noted only that possible "explanation[s] for [Putz's] pain include[d] fibromyalgia."[1]

g. The ALJ adequately accounted for the limitations identified by Dr. Eugene Kester and Dr. Don Johnson, both of whom ultimately concluded that Putz would have no sustained concentration and persistence limitations. And the ALJ's assessment of residual functional capacity (RFC) incorporated the moderate social and adaptive limitations by limiting Putz to jobs where she would have no more than occasional interactions with the public.

2. Putz argues the ALJ erred by rejecting her testimony about the severity of her symptoms. We disagree. The ALJ could reject Putz's "testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014) (citation modified). "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

First, as explained, the ALJ did not err in his assessment of the medical opinions in the record. Second, the ALJ reasonably concluded that Putz's

---

[1]     Moreover, any error is harmless because the ALJ included fibromyalgia as a severe impairment in the assessment of Putz's residual functional capacity. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

unremarkable physical exams were inconsistent with her alleged limitations.

Third, despite contending that the ALJ provided only a selective summary of the medical evidence, Putz fails to identify any evidence the ALJ ignored. Fourth, the ALJ properly considered the effectiveness of treatment to evaluate Putz's testimony about the severity of her symptoms. 20 C.F.R. § 404.1529(c)(3)(iv); *see also Tommasetti*, 533 F.3d at 1039-40.

3. The ALJ permissibly discounted lay witness testimony of Putz's sister. The parties dispute whether the post-March 27, 2017 social security regulations abrogated our prior precedent holding that an ALJ cannot disregard competent lay witness testimony "without comment" and "must give reasons that are germane to each witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (citations omitted). We need not reach this question because the ALJ satisfied our precedent by finding the testimony of Putz's sister unpersuasive "for the same reasons" given for finding Putz's testimony unpersuasive. *Id.* at 1121; *see also Valentine*, 674 F.3d at 694.

4. Putz's arguments concerning the ALJ's assessment of RFC are derivative of those we have already rejected. We reject them for the same reasons. *Kitchen v. Kijakazi*, 82 F.4th 732, 742 (9th Cir. 2023).

**AFFIRMED.**